## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JUWANA BEARD,**

        **Plaintiff,**                **CASE NO:** _____

**vs.**

**SIZZLING PLATTERS, LLC,**
**doing business as LITTLE CAESARS,**
**and MARCY ALBRITTON, In Her Personal**
**Capacity, et. al.,**

        **Defendants.**
_____ /

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff **JUWANA BEARD**, (hereinafter referred to as "Beard") by and through the undersigned attorney, files this Complaint and Demand For Jury Trial against Defendant **SIZZLING PLATTERS**, **LLC**, doing business as, **LITTLE CAESARS** (hereinafter collectively referred to as "Little Caesars") and Defendant **MARCY ALBRITTON**, In Her Personal Capacity (hereinafter referred to as "Albritton") and as grounds, state as follows:

---

**1 |** P a g e

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

## I.  <u>NATURE OF THIS ACTION</u>

1.      This case is brought to enforce the anti-retaliation provisions of Florida's Workers Compensation Act, Coercion of Employees, Florida Statute, Chapter §440.20. Beard seek compensatory damages, punitive damages, attorneys' fees and litigation costs with regards to Little Caesars unlawful retaliation and severe emotional distress that she suffered while working as a Little Caesars' manager/employee.

## II.  <u>JURISDICTION AND VENUE</u>

2.      This action was originally filed on July 9, 2018 (Case No.: <u>2018-CA-007320-O</u>).[1]

3.      On April 27, 2020, the Court dismissed Beard's lawsuit "<u>without prejudice</u>" because of Beard's ineffective service of process.

4.      This is an action for compensatory and punitive damages in excess of the Court's jurisdictional monetary threshold amount of $75,000.00, exclusive of attorneys' fees, litigation costs and interest.

---

[1] Defendant is a foreign, corporate citizen licensed to conduct business in the State of Florida. Beard's original Complaint and Jury Demand was filed against Defendant in Florida State Court, Circuit Civil Division (Case No: <u>2018-CA-007320-O</u>). After Beard's filing of her Florida State Court Complaint and Jury Demand, Beard made repeated good faith efforts to settle/mediate this action. Beard reserves formal service of process of her lawsuit in her good faith attempt to avoid protracted Court litigation.  On April 24, 2020 the Florida State Court, Judge Luis F. Calderon, dismissed Beard's lawsuit "<u>without prejudice</u>". Beard is now timely re-filing this action in this honorable Court seeking damages and relief as alleged herein.

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

5.      This honorable Court is the proper venue for this action pursuant to 28 U. S. C. §1391 (b)(1) and (b) (2) and Local Rule 1.02, United States District Court, Middle District of Florida because this is the federal court district and division in which Beard resides, and the district in which Little Caesars' unlawful acts, unlawful retaliation events and omissions giving rise to Beard's claims, as alleged herein occurred.

6.      Pursuant to 28 U.S.C. §1367, this Court has supplemental, pendent jurisdiction in this action because Beard's common law tort claim(s) derive from the same nucleus of operative facts as Beard's claims, as alleged herein.

7.      Little Caesars is recognized as an employer in the State of Florida. Little Caesars employs thousands of employees within the meaning of Florida Statute, Chapter §440.205, Coercion of Employees, Florida's Workers' Compensation Act, (FWCA).

8.      This honorable Court has personal jurisdiction in this action pursuant to Federal Rule of Civ. Pro., Rule 4, because Little Caesars is a foreign corporation that is licensed to do business, operate and conduct business in the State of Florida.

9.      At all material times and during the acts alleged herein, Little Caesars continuously operated Little Caesars' food service restaurants in the State of Florida, including, but not limited to:  Little Caesars, 14027 W. Colonial Drive, Winter Garden, Florida 34787 (Winter Garden), Little Caesars, 5149 John Young Parkway, Orlando, Florida 32839 (John Young), Little Caesars, 4577 US-192, St Cloud, FL 34769 (St. Cloud), and Little Caesars, 13651 Hunters Oak, Orlando, Florida 32837 (Hunters Creek).

10.     Beard is a State of Florida citizen and she remains a resident of the State of Florida (Orlando, Florida).

11.     Marcy Albritton ("Albritton") is a State of Florida citizen and she remains a resident of the State of Florida.

12.     Little Caesars' State of Florida Registered Agent according to the public record of the Florida's Department of State, Division of Corporations is: CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, Florida 33324.

13.     Beard is timely filing her lawsuit in this honorable court pursuant to the State of Florida statute of limitations for her common law and Florida statutory causes of action, including the FWCA.  All administrative conditions precedent to the filing of this action, have been timely filed, met and performed.

### III.   THE PARTIES

14.     Defendant Sizzling Platter, LLC, ("Little Caesars") is a franchise chain of restaurants comprised of Little Caesars, Dunkin' Donuts, WingStop, Red Robin, Sizzler, and more.   Sizzling Platter, LLC, owns and operates several other casual and full-service restaurant brands.    Sizzling Platter, LLC has been in the food service business since approximately the year 1975.

15.     Today, Sizzling Platter LLC owns approximately 126 restaurants, 92 of which are Little Caesars.

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

16.     At all material times, Defendant Marcia Albritton ("M. Albritton") was, and she remains, working as a Little Caesar's Regional Manager.

17.     At all material times, M. Albritton managed Beard and M. Albritton exercised her power, influence and her supervisory control over Beard.

18.     Plaintiff Beard was employed as a Little Caesars General Manager In Training ("GMIT" – Floating Manager) from June 2014 until her wrongful job termination that occurred on October 22, 2016.

19.     During her tenure of employment, Beard was employed as a Little Caesars GMIT (Floating Manager) at the following Little Caesars' restaurant locations: Little Caesars, 14027 W. Colonial Drive, Winter Garden, Florida 34787 (Winter Garden), Little Caesars, 5149 John Young Parkway, Orlando, Florida 32839 (John Young), Little Caesars, 4577 US-192, St. Cloud, FL 34769 (St. Cloud), and Little Caesars, 13651 Hunters Oak, Orlando, Florida 32837 (Hunters Creek).

## BEARD REPORTED THAT HER MINOR DAUGHTER WAS BEING FORCED TO OPERATE LITTLE CAESARS' DANGEROUS PIZZA DOUGH CUTTING MACHINES IN VIOLATION OF THE FAIR LABOR ACT, CHAPTER 270.62(A)

20.     The Fair Labor Standards Act (FSLA) and child labor regulations, 29 CFR Part 570, establishes both hours and occupational standards for youth.

21.     Under the FSLA persons under eighteen (18) years of age may be employed in any occupation that the U.S. Secretary of Labor has declared to be

hazardous in food service establishments, including power-driven meat processing machines, meat slicers, meat saws, patty forming machines, meat grinders, and meat choppers, commercial mixers and certain power-driven bakery machines.

22.     The FSLA  prohibits employers from employing any minor child under eighteen (18) years of age in occupations involved in the operation of power-driven bakery machines because they are considered to be particularly hazardous or detrimental to youth health or welfare. 29 CFR 270.62(a)  " Occupations involved in the operation of power-driven bakery machines include:

A. Operating, assisting to operate horizontal or vertical dough mixers, batter mixers, bread dividing, rounding, or molding machines, dough brakes, dough sheeters, combination bread slicing and wrapping machines, or cake cutting band saws.

B. Setting up, repairing, oiling, or cleaning any of the machines listed above."

**----29 CFR 270.62(a)**

**TYSHIARA MORGAN GAVE BIRTH TO A BABY IN MAY 2016**

23.     At all material times and during the acts alleged herein, Beard's minor daughter, **TYSHIARA MORGAN** ("Morgan") also worked as a Little Caesars' employee. Morgan worked as a Crew Member for Little Caesars (Winter Garden) and

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

Little Caesars (John Young) until Morgan's wrongful job termination that occurred on October 2016.

24.     Morgan was sixteen (16) years old at the time she was hired by Little Caesars and at all material times, Morgan was a minor child under the FSLA and Florida law, during the time that she worked for Little Caesars.

25.     In May 2016, Morgan gave birth to a baby girl.

26.     As a seventeen (17) year old mother, Morgan and Beard became more conscious of the importance of Morgan's health/safety.

27.     Beard and Morgan saw the FSLA hazardous warnings that were affixed on Little Caesars' pizza dough cutting machines that warned and indicated that anyone **under the age of 18 was not allowed to work on the pizza dough cutting machines.**

28.     After Morgan returned back to work from maternity leave, during the period of August 2016 through October 2016, Morgan informed her managers and work supervisor **SCOTT ASKEW**, Little Caesars District Manager (hereinafter "Askew") that she had read the FSLA warning labels on the new pizza dough cutting and rounding machines that had recently been installed in Little Caesars (John Young).

### MORGAN WAS FORCED TO OPERATE DANGEROUS PIZZA DOUGH CUTTING AND ROUNDING MACHINES IN VIOLATION OF THE FSLA

29.     Morgan, in good faith, complained to Askew that it was illegal for Little Caesars managers to make her operate, use, clean and work with Little Caesars' newly

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

installed pizza dough cutting and rounding machines.

30.     After giving birth to her baby, Morgan also complained to Askew that she was unable to pick up the heavy packages of dough that weighed approximately 60lbs+ per bag/unit.

31.     Askew nevertheless demanded that Morgan continue operating the pizza dough cutting and rounding machines in violation of FSLA child safety laws, rules and regulations.

32.     Askew continued to force Morgan to operate, use and work with Little Caesars' dangerous pizza dough cutting and rounding machines and he forced her to continue lifting/carrying heavy packages of dough that weighed approximately 60lbs+ per bag/unit.

33.     Askew did not care about nor did he consider Morgan's health/safety concerns, nor did he care about Morgan's health/safety complaints

34.     Morgan continued to work as Askew instructed because she needed income to care for her newborn baby.


### BEARD'S WORKPLACE FALL AND ON THE JOB INJURIES

35.     On September 7, 2016, Beard was working in the Little Caesars' (Hunters Creek) walk-in cooler/freezer along with another Little Caesars' employee named, "Louis".

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

36.     When Beard entered the walk-in cooler/freezer, three large crates of cheese that **had not been stored properly** toppled over and fell on top of Beard.

37.     Beard was pinned down and she suffered severe pain and back injuries.

38.     Louis assisted in getting the crates off Beard and he picked Beard up after she had fallen on the freezer's floor.

39.     Beard tried to continue working her work duties and her scheduled work shift(s) despite being in extreme pain and agony.

## BEARD FILED A WORKPLACE INJURY/ACCIDENT REPORT

40.     On September 9, 2016 **HERNANDON** (Last Name Unknown – "Hernandon"), another one of Little Caesars' District Managers on work duty, instructed Beard to complete a Little Caesars' workplace injury/accident report and Hernandon instructed Beard to leave work and seek medical attention.

41.     Beard timely completed a Little Caesars' workplace accident/injury report, and she filed her workplace injury/accident report on Little Caesars' intranet computer reporting system as Hernandon instructed.

## BEARD'S PYSICIAN ORDERED HER TO LIMITED/ LIGHT DUTY WORK

42.     After sustaining the subject workplace injuries, Beard was admitted into the Osceola Regional Medical Center Emergency Room on September 9, 2016.

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

43.     Beard was diagnosed by the Osceola Regional Medical Center emergency room physicians as having herniated disks and severe back pain.

44.     Beard was prescribed medications for her workplace injuries.

45.     Beard was ordered by the Osceola Regional Medical Center's emergency room physician to rest and she was ordered to work "only" in limited, light duty, non-strenuous work assignments.

46.     Beard electronically reported and she copied Albritton, and other related Little Caesars' managers with her September 9, 2016 workplace injury/accident report on Little Caesars' intranet computer system.

## BEARD WAS FORCED TO CONTINUE TO WORK HER NORMAL WORK DUTIES WHILE INJURED AND SUFFERING EXTREME PAIN

47.     Despite being injured, Little Caesars management instructed Beard that she had to return to work on September 10, 2016.

48.     After experiencing her workplace injuries, Little Caesars' managers forced Beard to continue working her strenuous work duties and her full-time work shift despite enduring her painful workplace injuries.

49.     When Beard returned to work on September 10, 2016, **JULIO** (Last Name Unknown), Little Caesars' General Manager (Male) witnessed Beard grimacing and working in extreme pain and agony.

50.     Julio made disparaging, condescending and apathetic comments to Beard including, but not limited to:

     **A.** "**I have a back injury and I can work with back pain!**"

     **B.** "**You will be alright!**"

51.     Little Caesars' manager(s) forced Beard to continue working and performing her same work schedule and strenuous job duties while injured.

## BEARD'S REVIEW OF LITTLE CAESARS' SURVILLANCE RECORDINGS

52.     At all times material and during the acts alleged herein, Little Caesars maintained and operated twenty-four (24) hour video surveillance recording systems in its restaurants, including Little Caesars (John Young) and Little Caesars (Hunters Creek).

53.     During the relevant time period, it was a common practice for Little Caesars' managers to use Little Caesars' computers/intranet system(s) to the review the video surveillance recordings of their assigned restaurant(s) and the video surveillance recordings of other Little Caesars' restaurants as the need dictated.

## BEARD REPORTED ASKEW'S VERBAL ASSAULT AND LITTLE CAESARS FAILURE TO ACCOMMODATE HER WORKPLACE INJURIES

54.     On the night of October 16, 2016, Beard called Albritton to inform her about Askew's verbal assault against Morgan.

55.     Albritton then informed Beard that she was on an out of town trip in Las

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

Vegas.

56.     When Beard expressed her concerns regarding Little Caesars' FSLA violations as alleged herein, Albritton's response to Beard was **"no way".**

57.     Albritton also stated to Beard that she **"did not believe"** Beard and she stated that **"she did not believe"** that Askew had verbally assaulted Morgan.

58.     Beard remined Albritton that Morgan was a minor child – under eighteen (18) years of age and Florida's child labor law(s) did not allow minors **under the age of 18 to work on the pizza dough cutting machines.**

59.     On October 16, 2016, Beard also complained to Albritton that if Morgan were cut or injured working on the dangerous power-driven pizza cutting/rounding machines, such would unnecessarily harm Morgan and interfere in Morgan's ability to care for her young baby.

60.     Beard also complained to Albritton that Little Caesars was retaliating against her because of her workers' compensation claim and Little Caesars' apathy regarding her workplace injuries.

## BEARD WITNESSED ASKEW'S VERBAL ASSAULT ON LITTLE CAESARS' VIDEO SURVEILLANCE RECORDING

61.     At all material times, it was a common practice for Little Caesars' managers to gain access into Little Caesars' computers/intranet system to review the

video surveillance recordings of their respective stores and other Little Caesars restaurants as the need dictate.

62.    On October 16, 2020 Beard informed Albritton that she had reviewed the restaurant video surveillance recordings and she had witnessed Askew's verbal assault of Morgan.

63.    Beard reminded Albritton that Little Caesars' managers were permitted to regularly review video surveillance recordings of other Little Caesars stores as the need dictated.

64.    Beard advised Albritton that she had personally witnessed Askew's verbal assaulting of Morgan on the Little Caesars' (John Young) video surveillance recordings.

65.    Rather than demonstrate concern for Beard's complaint that related to Morgan's health/safety, Albritton became very angry at Beard and she stated to Beard that she had **"no business"** reviewing Little Caesars' video surveillance recording of Askew's verbal assault and the manner in which he publicly disparaged Morgan.

66.    Beard reminded Albritton that she and other Little Caesars' managers were allowed to review Little Caesars' restaurant(s) video surveillance recordings as the need dictated.

67.    Albritton then assured Beard that she would investigate Beard's concerns and she assured Beard that she would **"handle the situation with Askew"** when she returned back to Florida.

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

68.     Albritton assured Beard that she would investigate the matter and provide her with feedback.

69.     Albritton also assured Beard that she would "handle the situation with Askew" when she returned back to Florida.

70.     Nevertheless, Albritton never provided Beard or Morgan with feedback regarding Askew's verbal assault and Albritton failed to disciple Askew for verbally assaulting Morgan.

## LITTLE CAESARS RETALIATORY JOB TERMINATION

71.     On October 22, 2016, Beard went to work as scheduled and she was forced by Little Caesars' managers to continue working her normal, strenuous work duties.

72.     On October 22, 2016, Albritton was working in Little Caesars (Hunters Creek) restaurant along with some other unknown Little Caesars' managers.

73.     Beard again complained to Albritton that she was in extreme pain and she complained that Little Caesars was forcing her to work her normal, strenuous work duties.

74.     Beard also complained to Albritton that she was extremely disappointed that Little Caesars had failed give her feedback regarding her promised investigation of Morgan's verbal assault and she complained about Little Caesars' failure to disciple Askew for verbally assaulting Morgan in the presence of Little Caesars' employees and customers.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

75.     Rather than addressing Beard's concerns related to her being forced to work in pain, and rather than properly investigating Beard's report of Askew's verbal assault against Morgan, Albritton angrily stated to Beard, in part:

    A.  **"You are not management material"**

    B.  **"You cannot be trusted."**

76.     Albritton told Beard that her employment was "<u>immediately terminated</u>".

77.     Albritton demanded that Beard immediately leave the Little Caesars (Hunters Creek) restaurant.

78.     Beard left the Little Caesars restaurant in a respectful manner as Albritton demanded.

———————————

79.     At all times material and during the acts alleged herein, Little Caesars and Albritton in particular, had an affirmative, legal and ethical duty to comply with the anti-retaliation provision of the FSLA, FWCA, and Florida's child labor laws

80.     At all material times, Little Caesars and Albritton in particular, had an affirmative, legal and ethical duty to take all reasonable steps to protect the health, safety and welfare of Little Caesars' minor employees, including Morgan.

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

81.     Albritton <u>intended</u> (*emphasis supplied)* intended to cause Beard the loss of her employment, emotional distress and inconveniences because of Beard's opposition to Little Caesars' FSLA violations and unlawfully retaliated against Beard because she had exercised her workers compensation rights as alleged herein.

82.     The unlawful retaliation, malicious acts, and the conduct of Albritton, Askew and Little Caesars' other managers, agents, employees, representatives and officials as alleged herein, were willful, wanton, deliberate, malicious, egregious and outrageous.

83.     Pursuant to the respondent superior doctrine, Little Caesars is vicariously liable for its malicious acts, retaliation, negligence, and omissions of its managers, agents, employees and representatives, including but not limited to Albritton and Askew as alleged herein.

84.     Little Caesars' unlawful retaliation, malicious acts and illegal conduct of Little Caesars' managers, agents, employees, representatives and officials as alleged herein, are per se FSLA and FWCA statutory violations.

85.     Little Caesars' and Albritton's illegal and retaliatory acts as alleged herein were willful, wanton, deliberate, malicious, egregious and outrageous.

86.     All administrative conditions precedent to the filing of the instant lawsuit have been timely performed or otherwise excused.

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

## COUNT I
### UNLAWFUL EMPLOYMENT RETALIATION/ COERCION
### WORKERS' COMPENSATION RIGHTS
### Florida Statute §440.205

### [Defendant Little Caesars]

87.     The allegations alleged in paragraphs 1- 86, in particular paragraphs 35-51, 60, 73, 75-86 are hereby realleged and incorporated by reference with respect to Count I.

88.     Florida Statute, §440.205 states that an employer may not retaliate against an employee who files for workers' compensation benefits.  Florida Labor Code, Chapter 440.205 states:

> "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

89.     Beard engaged in statutorily protected speech employment activities that are recognized under the FWCA, Florida Statute, §440.205 when she filed a workers' compensation accident/injury report about her workplace physical injuries and supporting medical evidence, as alleged herein.

90.     A close temporal proximity in time exists, of less than 60 days, between Beard's workplace injury and Beard's filing of her September 9, 2016 workers' compensation accident/injury report under Florida Statute, §440.205, her engagement in

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

the statutorily protected employment speech activities as alleged herein, and Little Caesars' decision to terminate her employment on October 22, 2016.

91.    Little Caesars' adverse employment actions, unlawful retaliation and its termination of Beard's employment as alleged herein, were intentional, adverse and *pretextual* in nature.

92.    WHEREFORE, Beard seeks an award of compensatory and punitive damages for severe emotional distress against Little Caesars under the anti-coercion/ unlawful retaliation provisions of Florida Statute, §440.205 and for all other damages to which she is entitled to receive at trial, including, but not limited to:

A.    An award for her back pay (with interest), including all sums of money Beard would have earned, together with such other increases to which she would be entitled, had her employment not been wrongfully terminated;

B.    Compensatory and punitive damages, for severe emotional distress, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss;

C.    An award of front and future pay;

D.    An award of reasonable attorneys' fees and all costs incurred in this action;

E.    An award of applicable interest on any awards allowed by law;

F.    Such other and further relief as this Court deems just and appropriate under the circumstances.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

<u>**COUNT II**</u>
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**
**WORKERS' COMPENSATION RETALIATION**
<u>**Florida Statute, Chapter §440.205**</u>
***Otis Elevator Co. v. Scott,*** **503 So.2d 941, Florida Supreme Court (No. 70394.(1988)**
**Per Se Statutory Violation**
**[Defendant Little Caesars]**

93.     Beard re-alleges and incorporates by reference the allegations in paragraphs 1-86 as fully set forth herein in Count II.

94.     At all material times, Little Caesars' officials, managers and agents acted intentionally or recklessly.

95.     Little Caesars' officials, managers and agents' intentional retaliation against Beard because of her exercise of her rights under Florida's Workers' Compensation Act, Florida Statute, Chapter §440.205 and their malicious actions as alleged herein, were deliberate, reckless and outrageous.

96.     Little Caesars' officials, managers and agents, including Albritton and Askew's acts as alleged herein, were intentional and are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

97.     Little Caesars' officials, managers and its agents, including Albritton and Askew's acts as alleged herein, were intentional and caused Beard severe emotional distress and mental anxiety, which resulted in Beard's physical complications.

98.     WHEREFORE, Beard seeks an award of compensatory and punitive damages against Little Caesars for severe emotional distress under the emotional distress damage provisions of Florida Statute, §440.205 (Otis Elevator Co. v. Scott, 503 So.2d 941, Florida Supreme Court (No. 70394.(1988), and for all damages to which Beard is entitled to receive at trial, including, but not limited to:

A.     An award of compensatory and punitive damages for severe emotional distress, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss;

B.     An award of applicable interest on any awards allowed by law;

C.     Such other and further relief as this Court deems just and appropriate under the circumstances.

### COUNT III
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**
**WORKERS' COMPENSATION RETALATION**
**Florida Statute, Chapter §440.205**
***Otis Elevator Co. v. Scott,* 503 So.2d 941, Florida Supreme Court (No. 70394.(1988)**
*Per Se Statutory Violation*
**[Claim Against Defendant Marcia Albritton, In Her Personal Capacity]**

99.     Beard re-alleges and incorporates by reference the allegations in paragraphs 1-86 with respect to Count III.

---

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***

100.     Albritton intended to retaliate against Beard because of her exercise of her rights under Florida's Workers' Compensation Act, Florida Statute, Chapter §440.205

101.     Albritton's malicious actions as alleged herein, were intentional, deliberate, reckless and outrageous.

102.     Albritton's intentional acts as alleged herein, were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

103.     Albritton's intentional acts as alleged herein caused Beard the loss of income, severe emotional distress and mental anxiety, which resulted in Beard's mental and physical complications.

104.     WHEREFORE, Beard seeks an award of compensatory and punitive damages against Albritton, in her personal capacity, pursuant to the emotional distress damage provisions of Florida Statute, §440.205, *Otis Elevator Co. v. Scott*, 503 So.2d 941, Florida Supreme Court (No. 70394.(1988) and for all other damages to which Beard is entitled to receive at trial, including but not limited to:

A.     An award of compensatory and punitive damages against Albritton for severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss;

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*

B.     An award of applicable interest against Albritton on any awards allowed by law;

C.     Such other and further relief the Court deems proper and, in the furtherance of justice.

## JURY TRIAL DEMAND

105.     Beard respectfully requests that this honorable Court grant her a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

106.     Beard reserves her right to amend her Complaint and Jury Demand to file additional claims against Little Caesars, including but not limited to claims and her right to a jury trial under the Florida Whistle Blowers Protection Act, Florida Statute, Chapter §448.102 (3).[2]

DATED:  October 16, 2020.                    Respectfully submitted:

                                   **THE JONES LAW FIRM, P.A.**

                                   BY:  **s/J. ERIC JONES, ESQUIRE**
                                    Florida Bar No: 0594571
                                    10752 Deerwood Parkway, Suite 100
                                    Jacksonville, FL 32246
                                    Telephone: (904) 434-7553
                                    Email: wereallycareaboutu@gmail.com
                                    Plaintiff's Trial Counsel

---

[2] Beard reserve her right to amend her pleading under Fed. Rule Civ. Pro., Rule 15.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this <u>16th</u> day of October 2020, a copy of the forgoing was electronically filed on the CM/ECF, United States District Court, Orlando Division's E-Portal electronic filing system.

<u>**s/J. Eric Jones**</u>
Attorney

**\*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256\***